## REUBEN SMITH *vs*. DAVID F. ASHLEY.

An action for a libel cannot be maintained against the publisher of a newspaper, if he has no knowledge, at the time of publication, that the article complained of is libellous.   Hence, if he publish an article, which he believes to be a fictitious narrative, or mere fancy sketch, and does not know that it is applicable to any one, he cannot be held responsible, although it was intended, by the writer, to be libellous, and to apply to the party who brings the action.   In such case, the writer only is answerable to the party libelled.

THIS was an action for a libel inserted in the Tri-Weekly Post, a newspaper published in Springfield.   Trial before *Wilde*, J. whose report thereof was as follows :

The evidence tended to show that the defendant was the publisher of the newspaper mentioned in the plaintiff's declaration, and sold copies, at his office, of the paper that contained the alleged libel.

To show that the plaintiff was the person intended by the libel, he gave evidence of certain facts coinciding with the facts stated in the libel, and also evidence of certain reports relating to him, similar to the statements contained in the libel

The defendant contended that the article, alleged to be libellous, was a mere fancy sketch, which had no relation to the plaintiff, and was not intended to apply to him ; and the defendant was allowed to introduce witnesses, (the editor of the Post, among others,) to testify that they did not understand the article to apply to the plaintiff.

The defendant also contended, that the libel was not written by him ; that he did not, before the trial, know the plaintiff, or any of the facts, stated in the libel, as applicable to him ; and therefore, that although the libel might have been

intended, by the writer thereof, to apply to the plaintiff, yet he, as publisher, was not liable.

The plaintiff contended, that if the defendant was the publisher of the paper containing the libel, and had sold the papers containing it, he was answerable, although he did not know that the facts stated therein applied to the plaintiff.

The judge ruled, that although the article might be intended, by the writer, as libellous, and to apply to the plaintiff, yet if the defendant, as the publisher of the paper, did not know to whom it applied, and had not heard the facts and reports in relation to the plaintiff, and if the article was published as a mere fancy sketch, and the defendant believed it to be so, he was not liable, although the plaintiff might have been intended by the writer of the article.

The jury found a verdict for the defendant, and the plaintiff alleged exceptions to the ruling of the judge.

*Leonard & W. G. Bates,* for the plaintiff.

*Ashmun & H. Morris,* for the defendant.

WILDE, J.   This was an action against the publisher of a public newspaper, for an alleged libel, published therein by him, of and concerning the plaintiff.   The defence was, that the alleged libel was a mere fancy sketch or fictitious tale, which had no relation to the plaintiff, and was not intended to apply to him ; that the alleged libel was not written by him ; that he did not know the plaintiff, nor had he heard of any of the facts stated in the alleged libel, as applicable to him ; and that if it was intended by the writer to be so applied, the defendant had no knowledge of such intention. Evidence was introduced by the defendant tending to prove these matters of defence.   The editor of the newspaper testified that he understood the alleged libel to be a fictitious story, not intended to apply to the plaintiff or any other person, and that so it was intended to be understood by the writer.   There was conflicting circumstantial evidence as to these facts, which is not reported, no motion having been made for a new trial, on the ground that the verdict was against the evidence.   The only question reserved is, whether

there was or was not any misdirection to the jury. The instructions to the jury were, that although they might be of opinion, from the evidence, that the article complained of might have been intended by the writer as libellous, and to apply to the plaintiff, yet if the defendant, the publisher, did not know that it applied to him, but supposed it was a mere fancy sketch, or fictitious story, he was not liable, although the plaintiff might have been intended by the writer.

If the jury were satisfied that the article in question was a false and defamatory libel, intended by the writer to apply to and calumniate the plaintiff, the law infers malice in the publisher, unless he can show the contrary ; and it was incumbent on the defendant to satisfy the jury of the fact, that he published the article in question without knowledge that the same was libellous. And so the law was settled in the case of *The King* v. *Harvey*, 2 Barn. & Cres. 259. In that case, Abbott, C. J. instructed the jury, that " the man, who publishes slanderous matter, in its nature calculated to defame and vilify another, must be presumed to have intended to do that which the publication is calculated to bring about, unless he can show the contrary ; and it is for him to show the contrary." The rule of law thus laid down was decided to be correct, by the whole court of King's Bench. The same rule of law, as to the inference of malice, in case of defamatory words spoken or written *intentionally* and *knowingly*, without just cause or excuse, is laid down in the case of *Bromage* v. *Prosser*, 4 Barn. & Cres. 255, and in many other cases cited in 1 Stark. on Slander, (Wendell's ed.) 191 *&* *seq.*

The plaintiff's exception in this case is, that the defendant is liable, as the publisher of the article, if it was libellous, although he had no knowledge or belief that it was so. It was decided in *Dexter* v. *Spear*, 4 Mason, 115, that the publisher of a libel was not liable, if he had no knowledge that it was libellous. And we hold that the exceptions, in the present case, cannot be sustained on any principle of law or justice. If the defendant had no knowledge that the article published was libellous, he has been guilty of no wrong, and

he is not responsible by law, although the plaintiff has thereby been injured.    If the article was libellous, his remedy is against the writer.    To charge the defendant, it must be proved that he published the libel wrongfully and intentionally, and without any just cause or excuse.    So it was decided in the cases already referred to.

We concur in the remarks of Story, J. in *Dexter* v. *Spear.* " No man," he says, " can protect himself from responsibility for a libel, by pleading his ignorance of the real parties who are attacked, if he knows the publication to be libellous. He is bound not to do a wrong to another, whether personally known or unknown to him.    Indeed, malice is so far from being disproved, by showing that the printer did not know who were the parties libelled, that it often aggravates the malignity of the case, by showing a wanton and indiscriminate malice, and an indifference to the peace of the innocent. A printer of a newspaper is bound to abstain from publications which he knows to be libellous, with more than ordinary care, for the wide circulation of his paper may often inflict on the innocent an irreparable injury."

*Exceptions overruled.*