## SUPREME COURT.

### William Williams agt. The People.

An *indictment* for unlawfully, willfully, maliciously and mischievously driving the horses attached to a freight car, on the Fourth avenue railroad, against another railroad car, then and there being, and then there injuring the last mentioned car, he so intending, &c., does not set up or include the common law offence of *malicious mischief*. The defendant can be considered as guilty of nothing beyond a *hurtful trespass*.

A trespass upon property, although it may be willful and malicious, is not within the offence of *malicious mischief at common law*, unless it was in the *night time, or secretly, without the hope of gain;* or unless it consisted of some act of *cruelty to domestic animals*.

*New York General Term, November*, 1862.

Ingraham, Clerke and Barnard, *Justices.*

The plaintiff in error was indicted for unlawfully, will-

fully, maliciously and mischievously driving the horses attached to a freight car, on the Fourth avenue railroad, against another railroad car then and there being, then and there injuring the last mentioned car, he so intending, &c.

The prisoner was convicted.

CHARLES W. SANDFORD, *for plaintiff in error.*
A. OAKEY HALL, *district attorney.*

By the court, INGRAHAM, P. Justice. It is sought to sustain this indictment upon the ground that it sets up the common law offence of malicious mischief. Unless the act complained of comes within the definition of that offence, the prisoner was guilty of nothing beyond a hurtful trespass.

*Blackstone* defines this offence as being perpetrated not *animo furandi*, or with an intent of gain, but out of wanton cruelty, or black and diabolical revenge. In the *People* agt. *Smith*, (5 *Cowen*, 258,) it is said that the offence is distinguishable from an ordinary trespass as being a violation of private right, without color or pretext, and without the hope or expectation of gain.

Many of the cases on this subject are cited in *Kilpatrick* agt. *The People*, (5 *Denio*, 277,) in which case it was held that willfully, unlawfully and maliciously breaking and destroying two windows of a house, was not within the description of this offence.

The distinction is noted in that case between acts done openly and those done secretly, or in the night time, and between acts done to property and injuries to domestic animals.

From the cases there cited, I think the rule may be stated to be that a trespass upon property, although it may be willful and malicious, is not within the offence of malicious mischief at common law, unless it was in the night time, or secretly, without the hope of gain, or unless it consisted of some act or cruelty to domestic animals.

The act is not indictable because it is willful, or simply because it is malicious. There must be other circumstances, such as secresy, cruelty or public injury, to make out the offence.

The present case does not come within either class. The prisoner was driving a car at a point where two roads met, and in trying to get ahead of a car, on the other road, he ran into it. We are bound to consider it done maliciously, because the jury have so found, but that is not enough.

The counsel for the people sought to make out a distinction between the present case and those before referred to, because the word " mischievously " is used in this indictment, but that does not alter the rule. It was so held in State agt. Wheeler, (3 Vermont, 344,) where the word mischievously was used in the indictment, and yet the killing of a beast of another under such circumstances was held to be only a civil injury, and not indictable. I think the definition of the offence, as stated above, is quite as comprehensive as the cases warrant, and more so than some of them would sustain.

The plaintiff in error has not committed an offence coming within these rules, and the judgment should be reversed.

CLERKE, J., concurred.

BARNARD, J., *dissenting*. The act complained of being one against the safety of the public, turns what might otherwise be a mere trespass into an indictable offence. This is the principle on which the case of the *Commonwealth* agt. *Eckert*, (2 *Brown Rep.*, p. 291,) was decided, when the act complained of was the cutting down of a tree useful for public convenience, ornament and shade. The element of cruelty to an animal, or of secresy in the commission of the crime, has also been held to turn what otherwise would be a mere trespass, into an indictable offence.

Judgment affirmed.