## WILLIS JONES *v.* THE STATE.

MALICIOUS MISCHIEF. — In a trial of a charge for willfully and wantonly killing certain hogs, the proof was that the hogs, when killed, were in defendant's field and crop, but that the fence was not hog-proof. *Held*, not error to charge the jury that "the defendant cannot justify killing the hogs for trespassing on his crops unless the crop was properly protected against trespass of stock."

APPEAL from the County Court of Ellis. Tried below before the Hon. J. D. TEMPLETON, County Judge.

It was in proof that the owner of the hogs had been requested, the day before they were killed, to put them up.

*E. P. Anderson & Brother*, for the appellant. The whole tenor of our laws, upon a case of this kind, contradicts the interpretation of the word *wantonly* which was given by the jury in this case.

. According to lexicographers, "wantonly" means loosely, without restraint or excuse. As if in a frolic one or more

men should goad, worry, beat, or shoot my horse or cow
while on the commons and out of mischief; that would be
*wantonly* done, because done without restraint or excuse,
and the imagination could put no limit to acts of that kind.
But, if they shoot my cow while she is depredating on their
crop, and only for the preservation of the crop, it is not
*wantonly* done, as it is done with an excuse and restraint;
for it only extends to particular stock, and to them only
while so depredating.

Article 714 of the Penal Code (Pasc. Dig., art. 2345) ap-
plies to the first case just supposed; how can it also apply
to the second?

The second of these supposed cases is provided for by
our law (but not by article 714), if it be proved that the
fence around the field on which the stock was depredating
is an insufficient fence. The insufficiency of the fence must
be determined by two freeholders, acting in conjunction
with a justice of the peace, before the defendant can be held
liable; and then he is only liable civilly, and not criminally.
Pasc. Dig., arts. 3840 and 6845; Old. & Wh. Dig., art.
908; Hart. Dig., art. 1384. And so it is adjudicated in
*Branch* v. *The State*, 41 Texas, 625, where Justice Reeves
says the defendant must be amenable to the owner of the
hogs for damages if they were killed while destroying his
crop, but not to the criminal law under article 714 of the
Penal Code. If such had not been the intention of the Leg-
islature, as indicated by the repeated statutes, all to the
same effect, to which we have referred, then those statutes
are all superfluous; for the common law furnishes an action
in damages for the causeless injury of the stock of one
citizen by another, whereas the statutes referred to provide
for punitory as well as actual damages, and for the manner
in which a person who has not a stock-proof fence shall be
punished for an act which, though done for the protection
of his own property, and, therefore, not wantonly done,

cannot be justified, inasmuch as it was necessitated by his own negligence.

In *The State* v. *Brocker*, 32 Texas, 613, our Supreme Court held that article 714 is applicable to the owner of dumb animals as well as to other persons; but it would be absurd to say that a man would be punishable under that article for shooting his own hogs, to protect his own crop, whatever the insufficiency of his fence.

To contradict any suspicion of wantonness on the part of the accused, we refer to the admission of the owner of the hogs that he had been requested to keep them up, and thus prevent them from depredating on the crop of the accused.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. A bill of exceptions was saved at the trial of this case to a special instruction given the jury at the instance of the county attorney, in the following words, viz.: "The defendant cannot justify killing the hogs for trespassing on his crop unless the crop was properly protected against trespass of stock."

A similar case, in this respect, to the one we are considering is that of *Branch* v. *The State*, 41 Texas, 622; and inasmuch as the opinion of Reeves, J., in that case disposes of the above-mentioned bill of exceptions and the legal questions discussed in the very interesting brief of counsel for appellant, we perhaps cannot better present the law than by quoting at length from that decision. He says: " The statute protecting animals from willful and wanton acts of cruelty must be construed with reference to that peculiar offense. Art. 2345. Under this article the killing and other acts enumerated must be not only willfully, but also wantonly, done, and must be directed towards the animal itself as distinguished from a willful killing,

etc., with intent to injure the owner, as in the preceding article (2344); a depraved mind and cruel disposition being common to both. The act must be done intentionally and by design, and without excuse, and under circumstances evincing a lawless and destructive spirit. If the act was only a trespass, it would not be punishable as malicious mischief, under the Code, because it was charged to be done willfully and wantonly. Whart. Cr. Law, 2003; *Kilpatrick* v. *The People*, 5 Denio, 277

" A trespass may be willful without being wanton, according to the intention; and, if the intention cannot be inferred from the act itself as being the promptings of no other than a bad motive, and without cause or justification, other circumstances must be proved from which the jury may reasonably infer that the act was done wantonly. It may be done under such circumstances as negative a wanton act, as where an animal is in the habit of trespassing on a man's crop and is killed during an act of trespass, not from wantonness, but to prevent the destruction of his crop. In that case he might be liable to a civil suit for damages, but not to a criminal prosecution for malicious mischief. *The Commonwealth* v. *Waldon*, 3 Cush. 558; Bishop's Stat. Cr. 437; *Wright* v. *The State*, 30 Ga.; *The State* v. *Pierce*, 7 Ala. 728. *This would not apply to a case where the crop was not properly protected against trespass by stock.*" 41 Texas, 622.

The evidence in this case showed that defendant's field was not protected by a fence which would keep out hogs. There is no error apparent upon the record, and there was sufficient evidence to warrant the verdict and judgment. The judgment is, therefore, affirmed.

*Affirmed.*