Joseph Silverblatt et al., Plaintiffs, v. The Brooklyn Telegraph and Messenger Company, Defendant.

(County Court, Kings County, July, 1911.)

Cause of action — Character of cause of action — Ex contractu or ex delicto — Negligent performance of contractual duty.

Damages — Limitation of liability to natural and proximate consequences — Natural and probable consequences of torts.

Negligence — Actions — Trial and review — Questions for jury — Proximate cause.

An action may be maintained against a burglary insurance company which has insured plaintiffs, for negligence in the performance of its contractual duty toward plaintiffs in using defective apparatus and in the want of proper care on the part of its servants; and plaintiffs are not limited to an action upon the contract of insurance.

In such a case, such damages are recoverable as are the natural and proximate result of the negligent acts, though not contemplated by the parties at the time of the execution of the contract.

In such a case, although it is possible that, if the defendant had exercised due care, the same injuries would have resulted, a verdict for the plaintiffs upon conflicting evidence should not be set aside.

Motion upon the return of a special verdict on behalf of the plaintiffs, for direction of judgment for the amount of damages found by the jury, and by the defendant for a new trial.

Charles J. Ryan, for plaintiffs.

Darwin J. Meserole (Francis C. Koehler, of counsel), for defendant.

Ross, Acting J. This is an action to recover damages for the alleged negligence of the defendant arising out of the following facts:

In 1905 a written agreement was entered into between the parties hereto which was signed by the plaintiffs and acted upon and accepted by the defendant. The defendant in con-

sideration of the sum of $120 per year, payable in equal monthly payments, installed and applied its system of electrical protection against burglary to the store of the plaintiffs. It agreed to connect the same with its central office and that at all times it would keep the apparatus constituting said protection in working order and in connection with its central office. And, should an attempt be made to enter the premises so guarded, the said defendant agreed it would send a police officer immediately to the premises who would enter the building and examine the same. The defendant agreed that if at any time the apparatus became out of working order it would, at its own expense, have the premises adequately watched and guarded by a reliable officer until the apparatus was again in working order. The agreement was to continue for five years with a provision for its termination sooner. After the plaintiffs had paid eight instalments for such service, their store was burglarized, the burglar apparently entering from the cellar through a door in the floor, the wires guarding the same being cut.

A special verdict was rendered by the jury upon the trial of the case as follows:

" One: Did the defendant and plaintiffs enter into the agreement in controversy on the 5th day of August, 1910, and pay thereunder, on March 18th, 1910, the sum of eighty dollars? A. Yes.

" Two: Was the plaintiffs' store burglarized? A. Yes.

" Three: If so was the defendant's apparatus at the time defective? A. Yes.

" Four: If so, was the defendant's agent or servant negligent in the discharge of his duty? A. Yes.

"Five: And, if so, did his negligence result in the failure to give an alarm and send an officer to the plaintiffs? A. Yes.

" Six: Did the defendant perform the obligations of its contract in reference to maintaining its apparatus and the efficiency of its servants? A. No.

" Seven: Was the burglary caused by reason of the failure of defendant either to keep its apparatus in order or owing to the negligence of its servants? A. Yes.

"Eight:   What was the value of the goods .taken?   A. $544.50.

"Nine:   What was the amount of plaintiffs' damages? A. $408.38."

The defendant opposes the application for judgment and urges: *first,* that the plaintiffs are confined to an action for a breach of contract, and cannot recover under the facts in this. case in an action in tort; and, *second,* that the stealing of the goods of the plaintiffs was not within the contemplation of the parties to the contract, and is not a proximate result of the defendant's negligence, and that the value of. the. stolen goods is not a proper basis of damages.

A defendant in failing to perform the conditions of a contract to which he is a party may also be liable for a wrong to the person or property of the plaintiff; but the basis. of recovery is different. In the former case it is a failure to perform the agreement, in the latter case it is a careless or wrongful discharge or failure to discharge a duty; or, to express it in other words, a contracting party is, in common with all mankind, entitled to be treated with care. The position he occupies as a contracting party is only relevant in establishing the degree of care required, and the circumstances which constitute a violation of such duty. Rich v. N. Y. C. & H. R. R. R. Co., 87 N. Y. 382, 398.

The defendant would be liable to the plaintiffs for a careless actual interference with its alarm system which caused an injury, as, for instance, defective insulation resulting in destruction of plaintiffs' goods by fire; and it would not be relieved from the consequences of its negligent acts because it was also under contract obligations relative to the same subject-matter. To hold a defendant liable in tort, there must have existed a legal duty toward the plaintiffs. The duty may arise from the situation of the parties and, in the case of misfeasance, from the inherent rights of an individual to be let alone; but a contract right may. also give rise to an implication of a legal duty. The case of a common carrier shipping goods by a different route than that agreed upon is an illustration. This deviation may be treated

as a conversion — as a violation of the duty implied by law. See case and note. 22 Harvard Law Review, p. 59.

Is the defendant any the less liable for its omissions, its failure to maintain its system in proper working order and the failure of its servants to observe and respond to any signals received?

Mr. Judge Vann says, in Dowd v. N. Y., O. & W. R. R. Co., 170 N. Y. 469, 470: "Negligence implies a voluntary act of omission."

The writer of the article on Negligence, in 16 American and English Encyclopedia of Law (1st ed.), 405, uses the following language: "Diligence the converse of negligence, may imply a forbearance to act as well as action. The doctrine sometimes attempted to be maintained, that damage brought about by an omission merely, and without direct human agency, does not render the defendant liable for such negligent omission, is therefore not based upon principle. If there is a duty well defined it matters not whether the breach of it is committed by misfeasance or nonfeasance; each is equally culpable."

I am not obliged to undertake the performance of a duty toward another; but, having undertaken it, I am bound to perform it diligently. See Wharton on Negligence, §§ 79–84, inclusive.

For the foregoing reasons I think that the defendant is liable for its negligent omissions.

Both plaintiffs' and defendant's counsel assume in their presentation of the case that the measure of damages must have been reasonably and approximately within the contemplation of the parties when they entered into the contract.

The learned judge in Herder v. Bloomer, 7 Misc. Rep. 687, adopted this rule, although the action was for damages caused by defendant's negligence.

I think that, assuming, as I do, that the plaintiffs have shown a commission of a tort, the measure of damages does not depend upon the terms of the contract, but the test is rather the damages which are the natural and proximate result of the unlawful act, although not contemplated by the parties at the time of the execution of the contract.

In the case of Ehrgott v. Mayor, 96 N. Y. 264 (on p. 280), it is said: "Parties when they make contracts, usually contemplate their performance and not their breach, and the consequences of a breach are not usually in their minds, and it is useless to adopt a fiction in any case that they were. * * * The true rule, broadly stated, is that a wrong-doer is liable for the damages which he causes by his misconduct." And again: "The best statement of the rule is that a wrong-doer is responsible for the natural and proximate consequences of his misconduct; and what are such consequences must generally be left for the determination of the jury." Or, as stated by Mr. Justice Story in Dexter v. Spear, 4 Mason, 115: "The general rule of law is that whoever does an injury to another is liable in damages to the extent of the injury."

The jury had the right to consider all the circumstances disclosed upon the trial, the sort of goods stolen, that they were somewhat bulky and were loose upon the shelves of plaintiffs' store, and that presumably some time would be required to remove them; also the location of defendant's office with reference to the plaintiffs' store.

The jury have found that the defendant was negligent and that the burglary resulted from such negligence. I think it cannot be held as a matter of law that such findings were unsupported by the evidence. It is true that the burglarious act was necessarily commenced before an alarm could have been received, and just what the result would have been if the same had been acted upon promptly is of course a matter of conjecture; but does not this element of uncertainty arise in many cases of negligence? Take the ordinary railroad crossing case as an example. The train runs at an excessive rate of speed and reasonable precautions are neglected. Had it been run carefully, all its duties toward the public performed, it is possible that the plaintiff might have been injured. But the only test we have to determine the facts is the verdict of the jury; and, although such verdict cannot possess mathematical precision, it must be accepted as the only method we have for determining the facts.

The finding of the jury that the amount of damages was

less than the value of the goods stolen is a matter of which the defendant cannot complain.

Judgment on the special verdict for $408.38 directed, and motion for new trial denied.

Judgment accordingly.