PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* PEDRO F. GOTAY, Defendant and Appellant.

No. 3617.   Argued December 14, 1928.—Decided June 19, 1929.

*O'Neill & O'Neill* for the appellant.   *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The defendant was convicted of criminal libel and sentenced to pay a fine of $200.   The information set up and the proof tended to show that the defendant was the author of a publication that imputed to the House of Representatives or the members thereof the acceptation of bribes to influence their vote on a measure definitely named in the publication.

At the trial the defendant presented no evidence.   He did not attempt to show that the statements in the newspaper were true and published with good motives and for justifiable ends, as set out in the statute.   He relied on the defense that the information did not set up a crime punishable by the laws of Porto Rico.   The sole assignment of error is as follows:

"The District Court of San Juan erred in holding and deciding that, within the meaning and scope of section 243 of the Penal Code, the crime of libel against a class exists in Porto Rico."

Counsel do not question that in California, from which our statute is indirectly taken, the courts have held that a criminal prosecution lies when the publication is made against a class. The argument is that California followed Kansas where the common law of England prevails, but that the written statute did not justify the courts of California in so following the said common law. Furthermore, the defense is that in Porto Rico, where the common law never prevailed, the sanction of the statute should not be extended to cases not covered by its terms. Citing various cases, the appellant maintains that a criminal statute should be interpreted strictly. In short, so says the appellant, that while it would be advisable to extend the scope of the law of libel to reach malicious publications against a class, yet the Legislature so far has not done so.

It is well settled that the purpose of a criminal law of libel is to prevent breaches of the peace. The authorities to be cited hereafter speak to this effect. No doubt can be entertained that in the enactment of the law of libel for Porto Rico the Legislature necessarily intended, so far as the words of the statute go, to accomplish the same general purpose for the Island.

While a statute defining a crime must be construed strictly to favor a defendant, yet it is also a familiar principle that courts should interpret a statute to suppress the mischief and advance the remedy. The general intendment can not be defeated by limiting possible or probable meanings to the lowest denominator.

In *Palmer* v. *Concord*, 48 N. H. 211, 97 A. D. 605, the statute gave an action against a town for the malicious destruction by mobs, but excepted the case where the destruction was caused by the illegal or improper conduct of the person whose property was destroyed. In this case such a person had charged a body of soldiers with cowardice. We shall not analyze the decision to see whether the town of Concord

showed the action of the mob was caused by illegal or improper conduct, but only to discover what the court said of the law of libel, namely:

"Civil suits for libel are maintainable only on the ground that the plaintiff has individually suffered damage. Indictments for libel are sustained principally because the publication of a libel tends to a breach of the peace, and thus to the disturbance of society at large. It is obvious that a libelous attack on a body of men, though no individuals be pointed out, may tend as much, or more, to create public disturbances as an attack on one individual; and a doubt has been suggested whether 'the fact of numbers defamed does not add to the enormity of the act.'"

This language was repeated by the Kansas Supreme Court in *State* v. *Brady,* 44 Kan. 435, 9 L.R.A. 606, 21 A.S.R. 296, 24 Pac. 948, where the libel was against a family. This is perhaps the leading case. The court said besides: "The law is elementary that a libel need not be on a particular person, but may be upon a family or a class of persons, if the tendency of the publication is to stir up riot and disorder and incite to a breach of the peace."

Oklahoma like California had a statute on criminal libel similar to our own and only used the singular number to define the person defamed. The Oklahoma Criminal Court of Appeals made an exhaustive review of the law of libel, citing numerous opinions of other courts, including *State* v. *Brady, supra; Crane* v. *State,* 14 Okla. Crim. Rep. 30, 19 A. L.R. 1455, 166 Pac. 1110. There is an elaborate note in 19 A.L.R. 1530, following the case.

*People* v. *Eastman,* 188 N.Y. 478, 81 N.E. 459, 11 Ann. Cases 300, was also one of the cases reviewed. New York almost unquestionably had a statute. Chief Justice Cullen as the reporting judge said in overruling the courts below: "The foundation of the theory on which libel is made a crime is that by provoking passions of persons libeled it excites them to violence and a breach of the peace." This court

probably, along with others, thought that a law punishing the defaming of a single person covered the whole field.

Some of the California cases are as follows: *People* v. *Turner,* 154 Pac. 134, citing *State* v. *Brady, supra; People* v. *Gordon,* 219 Pac. 486, all of which were considered by the court below.

Section 243 of our own Penal Code is as follows:

"A libel is a malicious defamation, expressed either by writing, printing, or by signs or pictures, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue, or reputation, or publish the natural or alleged defects of one who is alive, and thereby to expose him to public hatred, contempt or ridicule."

The simplest way to regard the enactment is to consider that a publication directed against a class like a legislative body tends "to impeach the honesty, integrity, virtue or reputation" of each and every member of the class defamed. The tendency of this publication was to throw under suspicion each and every member of the House of Representatives, especially as a measure passed by that body was distinctly named.

However, section 559 of the Penal Code is more specific. It provides:

"Words used in this Code in the present tense include the future as well as the present; words used in the masculine gender shall be held to include all genders, except where such construction would be absurd or unreasonable; the singular number includes the plural, and the plural the singular; the word 'person' includes a corporation as well as a natural person;" etc.

So far as numbers are concerned there is no doubt that the intention of the Penal Code was to make the law of libel cover not only individuals but classes when defamed and we see no reason to question the jurisprudence of California or the court below in following it.

The judgment will be affirmed.