IN RE APPEAL NO. 631 (77) FROM THE DISTRICT COURT OF MARYLAND, MONTGOMERY COUNTY, JUVENILE DIVISION

[No. 122, September Term, 1977.]

*Decided March 28, 1978.*

The cause was argued before SMITH, DIGGES, LEVINE, ELDRIDGE, ORTH and COLE, JJ.

*Gary Howard Simpson* for appellant.

*Kathleen M. Sweeney, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Ann S. Harrington, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

This case concerns the construction of Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 577B, which created the crime of trespass on the buildings and grounds of the public educational institutions of the State.[1]

---

1. Art. 27, § 577B, provides as follows:

"The highest official or governing body of the University of Maryland, any of the State colleges, any community college or public school may deny access to the buildings or grounds of the institution to persons who are not bona fide, currently registered students, staff, or faculty at the institution, and who have no lawful business to pursue at the institution, or who are acting in a manner disruptive or disturbing to the normal educational functions of the institution. Administrative personnel and staff of the

In early January 1977, the defendant and his brother, both juveniles, on several occasions entered the buildings and grounds of the Randolph Junior High School, in Montgomery County, during school hours. Both boys had previously been students at the school, but neither was then currently enrolled. On at least two occasions, they were told by Maurice Sands, vice-principal of Randolph Junior High School, that "they were not to be on . . . [the school] property."

Then, on January 19, 1977, at approximately 3:00 p.m., Mr. Sands was informed that the defendant and his brother were again on the school's premises. Accompanied by Detective Stueheimer of the Montgomery County Police, Mr. Sands proceeded to the school library where he observed the defendant and his brother sitting in the middle of one of the tables, surrounded by several youngsters. The boys were escorted to the vice-principal's office and asked "to state their business." Their answers were apparently not satisfactory, and at that point the two boys were arrested for trespassing.

A juvenile petition was filed against the defendant in the District Court of Maryland, Montgomery County, charging that the defendant was a delinquent child as defined in Code (1974, 1977 Cum. Supp.), § 3-801 (1) of the Courts and Judicial Proceedings Article. The petition charged the defendant with trespassing in violation of Code (1957, 1976 Repl. Vol.), Art. 27, § 577B. In addition, based on an incident which occurred while the defendant was being detained in the police station, he was also charged with the malicious destruction of property in violation of Code (1957, 1976 Repl. Vol.), Art. 27,

---

University of Maryland, any of the State colleges, any community college or public school may demand identification and evidence of qualification for use of anyone desiring to use or come upon the premises of the particular institution. Whoever shall trespass upon the grounds of the University of Maryland, any of the State colleges, any community college or public school or who refuses or fails to leave the buildings or grounds of these institutions after being requested to do so by an authorized employee of the institution, or who wilfully damages or defaces any of the buildings, furnishings, statues, monuments, memorials, trees, shrubs, grasses, or flowers on the grounds of such institutions shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined not more than $1,000.00, or imprisoned for not more than six months, or both, in the discretion of the court."

§ 111.[2] An adjudicatory hearing was held, and the court found that the defendant had committed the crimes of trespass and malicious destruction of property and was, therefore, a delinquent child. Thereafter, at a disposition hearing, the defendant was committed to the Maryland Training School for Boys.

The defendant took an appeal to the Court of Special Appeals, and, before any proceedings in that court, we issued a writ of certiorari.

The defendant has limited his contentions on appeal to the finding of the District Court, at the adjudicatory hearing, that the defendant had committed the crime of trespass. The facts concerning the defendant's conduct are not in dispute. Defendant's sole contention is that these facts do not constitute an offense under Art. 27, § 577B. We agree.

A mere trespass to real property is not a crime at common law unless it amounts to a breach of the peace. *Krauss v. State,* 216 Md. 369, 372, 140 A. 2d 653 (1958); *Rex v. Storr,* 3 Burr. 1698, 97 E. R. 1053 (1765); *Rex v. Blake,* 3 Burr. 1731, 97 E. R. 1070 (1765); *Commonwealth v. Gibney,* 2 Allen 150 (Mass. 1861); *Kilpatrick v. People,* 5 Den. 277 (N.Y. 1848); *Commonwealth v. Edwards,* 1 Ashm. 46 (Pa. 1823); *Commonwealth v. Powell,* 8 Leigh 719 (Va. 1837). Thus, criminal trespass is for the most part a statutory creation. The Maryland statutory scheme concerning criminal trespass, Code (1957, 1976 Repl. Vol., 1977 Cum. Supp.), Art. 27, §§ 576 - 580, involves both public and private property and deals with various situations.

Article 27, § 576, provides that anyone who *"enters* or trespasses" on property conspicuously posted against trespassers is guilty of a misdemeanor. Article 27, § 577, makes criminal either *entering* or *remaining* on privately owned property after being notified by the owner not to do so.

Article 27, § 577A, on the other hand, which is concerned generally with public lands and buildings, is more narrow in

---

2. The petition also charged possession of marijuana in violation of Code (1957, 1976 Repl. Vol.), Art. 27, § 287 a, but this charge was later dismissed.

its scope than the provisions relating to posted property and private property. Although the statute makes "refusing or failing to leave a public building or grounds . . . upon being requested to do so by . . . [an] authorized employee" a criminal offense, there is no provision whereby mere *entrance* into a public building, following a prior notification, amounts to a criminal trespass under § 577A. Unlike owners of posted property who can forbid *entry* by posting, or owners of non-posted private property who can forbid *entry* by notifying specific persons in advance that they may not have access to their property, public officials under § 577A can only notify people, in specified circumstances, that they may not *remain.*

It was in this context that the General Assembly in 1969 enacted Art. 27, § 577B. *See* Chap. 627 of the Acts of 1969. Unlike § 577A, § 577B provides for the denial of access to the premises of public educational institutions to certain individuals:

> "The highest official or governing body of the University of Maryland, any of the State colleges, any community college or public school may deny access to the buildings or grounds of the institution to persons who are not bona fide, currently registered students, staff, or faculty at the institution, and who have no lawful business to pursue at the institution, or who are acting in a manner disruptive or disturbing to the normal educational functions of the institution."

Thus, for the first time (other than, perhaps, by posting) the General Assembly provided a means whereby individuals could be forbidden *entry* into public institutions. However, to deny a citizen access to a public institution is an unusual step, and the General Assembly was careful to insure that a step of such magnitude would be taken only by that person or entity responsible for making the major policy decisions for the institution.

The General Assembly then went on, in the same

paragraph, to set forth the criminal offenses created under § 577B:

> "[a] Whoever shall trespass upon the grounds of the University of Maryland, any of the State colleges, any community college or public school or
>
> [b] who refuses or fails to leave the buildings or grounds of these institutions after being requested to do so by an authorized employee of the institution or
>
> [c] who wilfully damages or defaces any of the buildings . . . on the grounds of such institutions shall be guilty of a misdemeanor."

The third prong of § 577B concerns property damage, and the second, like § 577A, concerns remaining on premises after being requested to leave. In the first prong, however, the General Assembly has only used the term "trespass." "Trespass" can reasonably only refer to those entries upon public lands which have been barred by reason of a "denial of access" by an authorized official as provided in the first sentence of § 577B. This construction is consistent with the general statutory scheme in which certain types of entries — after "posting" or, with regard to private property, after notification — are proscribed. Moreover, it is difficult to know what meaning "trespass" could possibly have separate from the access provisions of § 577B. There is not, as we have noted, a common law crime of trespass whose elements might aid in interpretation. Further, since this statute concerns lands and buildings to which large segments of the public have regular and general access, it would seem that the elements of the tort of trespass would have little if any application. We conclude, therefore, that an entrance upon the grounds of a public educational institution after having been denied access by the highest official of that institution is a "trespass" in violation of § 577B.

Turning to the instant case, the defendant can only be found to have violated Art. 27, § 577B, if (1) he entered onto the premises of the Randolph Junior High School after having

been denied access as specified in the statute, or (2) he refused to leave the school's premises after being requested to do so by an authorized official.[3]

First, under the statute only the "highest official or governing body," that is, the principal of Randolph Junior High School, could have denied the defendant access to the school's premises. There is no suggestion that any action at all regarding the defendant was ever taken by the school's principal. The only warnings or requests to leave which were given were those uttered by the vice-principal. Since, therefore, the defendant had not been denied access to the Randolph Junior High School by the principal, his entrance onto the school's premises was not a trespass in violation of the first criminal offense created by Art. 27, § 577B.

With respect to the second prong of § 577B, the State concedes that at no time on January 19, 1977, was the defendant asked to leave the school premises. He was, rather, immediately arrested after failing to disclose to the vice-principal reasons sufficient to justify his presence. No request having been given, there was none to disobey. It is true that the vice-principal had twice previously warned the defendant that he was "not to be on this property." These requests to leave, however, were given on occasions one or two weeks prior to the subject incident, and Art. 27, § 577B, makes a person's conduct criminal only when he "refuses or fails to *leave* the buildings or grounds of these institutions *after* being requested to do so by an authorized employee of the institution." (Emphasis supplied.)

The District Court was therefore in error when it found that the defendant had committed the offense of trespass. However, we are not compelled, for this reason, to overturn the court's disposition with respect to the defendant, since,

---

3. The charging document in the instant case alleged that "the respondent did . . . unlawfully trespass in and upon the premises of the . . . Randolph Jr. High School . . . after having been informed to refrain from coming on said premises by an authorized agent of said school . . . in violation of: Art. 27, § 577B." It would appear from the charging document that a violation of the first prong of § 577B was alleged. However, since the parties have argued the case under the second aspect of the statute as well, we shall consider both.

230

at the adjudicatory hearing, the defendant was also found to have committed the offense of malicious destruction of property. The defendant has not challenged this finding on appeal. But, assuming (as both parties to this appeal apparently have done) that the District Court judge may have been influenced in his disposition of the case by the finding that the defendant had committed the offense of trespass, we shall remand for further dispositional consideration.

> *Case remanded to the District Court, Montgomery County, for further proceedings not inconsistent with this opinion.*
> *Montgomery County to pay the costs.*